UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID DARRELL SYKES, <br><br> Petitioner, <br><br> v. <br><br> STEPHEN D. SINCLAIR, <br><br> Respondent. | No. C12- 5454 RBL/KLS <br><br> **REPORT AND RECOMMENDATION** <br> Noted for: October 19, 2012 |

Petitioner David Darrell Sykes filed a 28 U.S.C. § 2254 habeas petition challenging his 2007 jury conviction of one count of Custodial Assault. ECF No. 5.[1] Respondent has filed a motion to dismiss the petition as time-barred based on 28 U.S.C. § 2244(d). ECF No. 14. Petitioner filed a response and motion for summary judgment (ECF No. 15)[2], Respondent filed a response (ECF No. 16), and Petitioner filed a reply to the response (ECF No. 17). The Court agrees that the petition is time-barred and recommends that the petition be dismissed with prejudice.

## BACKGROUND

Mr. Sykes was found guilty on February 7, 2007, by jury verdict of one count of Custodial Assault. ECF No. 14, Exh. 1. On March 20, 2007, the Clallam County Superior Court

---

[1] Mr. Sykes filed a second federal habeas petition challenging a different state court judgment (Grays Harbor Superior Court Cause No. 08-1-00214-7). *See Sykes v. Washington State, et al*, U.S. District Court Case No. C12-5455 RBL/KLS. Respondent has also challenged that petition in a motion to dismiss pursuant to 28 U.S.C. § 2244(d).

[2] The Court construes Petitioner's motion for summary judgment (ECF No. 14) as a response to Respondent's motion to dismiss and therefore, the motion (ECF No. 15) is **STRICKEN** from the Court's calendar.

REPORT AND RECOMMENDATION - 1

imposed a sentence of 10 and ½ months confinement to be served consecutively to Mr. Sykes' 211-month sentence (for three counts of Rape of a Child in the First Degree) in King County Superior Court Cause No. 93-1-05206-2. *Id.*, Exh. 1, at 7. Mr. Sykes was sentenced by the Clallam County Superior Court on March 20, 2007. *Id.*

On April 18, 2007, Mr. Sykes filed a notice of appeal. *Id.*, Exh. 2. Appellate Counsel Jodi R. Backlund was appointed to represent Mr. Sykes on April 30, 2007. *Id.*, Exh. 3. Ms. Backlund entered a notice of appearance on May 2, 2007. *Id.*, Exh. 4. On May 15, 2007, a paralegal in Ms. Backlund's office wrote a letter to the court reporter from Mr. Sykes' trial requesting the trial transcript. *Id.*, Exh. 5. On June 21, 2007, Ms. Backlund filed a motion to withdraw, stating that Mr. Sykes "has refused communication from our office." *Id.*, Exh. 6. In an appended declaration, Ms. Backlund stated:

> I was appointed to represent David Sykes in this appeal. I sent him a letter explaining the appellate process on May 15, 2007. Mr. Sykes wrote back, in a letter dated May 20, 2007, indicating that he did not wish any further communication from my office, and that if he received any, he would return it unopened. The letter included Mr. Sykes' statement that "There's nothing that Pierce County can do to legalize that invalid conviction and case that Judge Kenneth Williams of Port Angeles, Washington assigned to your law firm …."
>
> I wrote Mr. Sykes a letter, further explaining how the divisions of the Court of Appeals work and how my office works independently on May 23, 2007, labeled "legal mail". Mr. Sykes returned it unopened. Since I thought we had a simple misunderstanding, I resent the letter without the "legal mail" label, and sent a letter in care of his counselor who agreed to pass it on unopened. The letter I sent was again returned. Mr. Sykes did reply to the letter the counselor had given him, by filing a grievance against the counselor and by writing to me to tell me to stop writing to him, among other things.
>
> In none of his letters did Mr. Sykes tell me that he wanted me, or anyone, to represent him, nor did he ever make a direct request that I withdraw from the case. I am making this request because of his repeated requests that I not have any further contact with him, which is contrary to my ethical duty.

REPORT AND RECOMMENDATION - 2

*Id*. at 1-2.  On June 26, 2007, the Washington Court of Appeals Clerk directed Mr. Sykes to respond to Ms. Backlund's motion to withdraw within 20 days of the date of the court's letter. *Id.*, Exh. 7.  On July 26, 2007, Washington Court of Appeals' Commissioner Schmidt ruled that counsel's motion to withdraw was granted and that because Mr. Sykes "has not communicated with this court, this court will not appoint substitute counsel . . . and he will be considered a pro se appellant.  Out-going counsel will forward the record to Mr. Sykes.  The appellant's opening brief is due 45 days from the date the record is sent to Mr. Sykes."  *Id.*, Exh. 8.  Former appellate counsel Backlund filed a declaration of service indicating that she had mailed to Mr. Sykes the Clerks' papers, Court's Instructions to the Jury, Defendant's Proposed Instructions, Brief Addressing Issues of Deficiency, Order Regarding Procedure for Trial, and the verbatim report of proceedings for 26 hearings.  *Id.*, Exh. 9.

On September 21, 2007, the Court of Appeals' Court Clerk notified Mr. Sykes that the appeal in his case had not been timely perfected due to Mr. Sykes' failure to file his appellate brief that was due on September 17, 2007.  *Id.*, Exh. 10.  On October 19, 2007, the Court Commissioner for the Court of Appeals issued a conditional ruling of dismissal for failure to file the Appellant's Brief that was due since October 8, 2007.  *Id.*, Exh. 11.  The conditional ruling allowed Mr. Sykes a grace period until October 29, 2007, to file the appellant's brief.  *See id.*  On November 8, 2007, the Court Commissioner issued a ruling dismissing Mr. Sykes' appeal, noting that "it appears to have been abandoned."  *Id.*, Exh. 12.

Mr. Sykes did not appeal the dismissal of his appeal to the Washington Supreme Court.  The Washington Court of Appeals issued a mandate on December 12, 2007.  *Id.,* Exh. 13.

REPORT AND RECOMMENDATION - 3

Mr. Sykes did not file any other action in state court relating to his state court judgment. *See* Exhibit 14, ACORDS Search Results for David Sykes.[3]

## FEDERAL HABEAS GROUNDS FOR REVIEW

Mr. Sykes presents the Court with four grounds for federal habeas review, which are summarized as follows:

(1) The conviction is illegal on its face, void, and in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment Rights.

(2) Petitioner was denied due process of law guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution when the court appointed attorney and/or trial court failed to provide Petitioner with trial transcripts.

(3) The trial judge was biased and allowed the illegal prosecution knowing that Petitioner's appeal had been abandoned by his court-appointed attorney.

(4) That Petitioner has been illegally held in prison since March 26, 2011.

ECF No. 5, 11-12, 16, and 22 (CM/ECF pagination).

## DISCUSSION

**A.    28 U.S.C. § 2244(d) One-Year Statute Of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).  A petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court is untimely when it is filed more than one year after the underlying judgment becomes final. *Id*.  The U.S. Supreme Court has held that 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, ___ U.S. __, 130 S. Ct. 2549, 2560 (2010).

---

[3] Exhibit 14 reflects numerous cases involving a person named David Lee Sykes but the petitioner here is David Darrell Sykes.

REPORT AND RECOMMENDATION - 4

The federal statute of limitations is statutorily tolled during "all of the time which a state prisoner is attempting, through proper use of state court procedure, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter,* 515 F.3d 1051, 1053 n. 3 (9th Cir. 2008).  The U.S. Supreme Court has held "that time limits, no matter their form, are 'filing' conditions.  Because the [Pennsylvania] state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under section 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

28 U.S.C. § 2244(d)(1)(A) states the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review **with respect to the pertinent judgment** or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) (emphasis added).

Mr. Sykes' appeal was dismissed by the Washington Court of Appeals on November 8, 2007.  ECF No. 14, Exh. 12.  Based on Washington Rule of Appellate Procedure (RAP) 13.4(a),

REPORT AND RECOMMENDATION - 5

he had 30 days to appeal that dismissal to the Washington Supreme Court.  He did not do so.  Therefore, his state court judgment became final for federal habeas purposes on December 9, 2007.  The federal statute of limitations began running the next day, on December 10, 2007.  Mr. Sykes did not file a state court personal restraint petition or any other state court action challenging his judgment and sentence.  *See* ECF No. 14, Exh. 14.  Thus, once the federal statute of limitations began running on December 10, 2007, it continued to run without interruption and expired one year later.  Mr. Sykes did not file his federal habeas petition in this Court until May 17, 2012 (ECF No. 5, at 14), over four years later.  Mr. Sykes' federal petition is clearly untimely unless he can show that he is entitled to equitable tolling.

**B.     Equitable Tolling**

In *Holland v. Florida*, ___ U.S. __, 130 S. Ct. 2549 (2010), the Supreme Court determined that 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases.  *See Holland*, 130 S. Ct. at 2560.  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way to prevent a timely filing.  *See Holland*, 130 S. Ct. at 2562-63 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).  The burden remains on the petitioner to satisfy both prongs before equitable tolling can be applied to his case.  *Holland*, 130 S. Ct. at 2562-63 (emphasis added).

The statute of limitations may be tolled where extraordinary circumstances beyond a petitioner's control made it impossible for the petitioner to file a petition on time.  *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003); *Spitsyn v. Moore*, 345 F.3d 796, 799-802 (9th Cir. 2003).  Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for

REPORT AND RECOMMENDATION - 6

the failure to file a timely petition.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry.  *Whalem/Hunt*, 233 F.3d at 1148.  The threshold necessary to obtain equitable tolling is very high.  *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).  The petitioner bears a heavy burden of showing a right to equitable tolling.  *Miranda*, 292 F.3d at 1065-66.  *See also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (to be entitled to equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the **but-for** and proximate cause of his untimeliness.").  (Emphasis added.)

Mr. Sykes raises several equitable tolling arguments: (1) that his appeal was abandoned by his court-appointed counsel and the Washington Court of Appeals illegally dismissed his appeal; (2) his state court judgment is an unappealable interlocutory judgment; and (3) he was prevented from filing a federal petition while in segregation.

**(1)     Abandonment of Appeal by Court-Appointed Counsel**

Mr. Sykes argues that his 2007 appeal was illegally abandoned by his court-appointed attorney Jodi Backlund.  He also contends that the Washington Court of Appeals' judges illegally dismissed his appeal.  ECF No. 5, p. 30 (under section titled "Timeliness of Petition").

In her motion to withdraw and declaration, Mr. Sykes' appellate counsel made clear that Mr. Sykes had refused communication with her office.  ECF No. 14, Exh. 6.  Mr. Sykes also either ignored or refused communication from the Washington Court of Appeals.  When he did not respond to the Washington Court of Appeals Clerk, Mr. Sykes' appointed counsel was allowed to withdraw but he was given additional time to prepare and submit his appellant brief.  *Id.*, Exh. 8.  Mr. Sykes' former counsel mailed the trial court transcript to him.  *Id.*, Exh. 9.

REPORT AND RECOMMENDATION - 7

Mr. Sykes also refused a letter from the Clerk of the Washington Court of Appeals dated September 21, 2007 notifying him that the appeal in his case had not been timely perfected due to his failure to file his brief. *Id.*, Exhs. 10 and 15. Despite Mr. Sykes refusal to communicate with his counsel and the Washington Court of Appeals, the Court Commissioner issued a conditional ruling giving Mr. Sykes more time to file his appellant brief. *Id.*, Exh. 11. However, Mr. Sykes refused that letter. *Id.*, Exh. 16. And, when the Court Commissioner issued the ruling dismissing Mr. Sykes' appeal, noting that "it appears to have been abandoned," *id,*, Exh. 12, Mr. Sykes, refused that communication as well. *Id.*, Exh. 17.

The foregoing does not demonstrate that Mr. Sykes is entitled to equitable tolling. There is no basis in fact for his contentions that his appeal was illegally abandoned by his court appointed appellate counsel and the state appellate court. Rather, the facts suggest that Mr. Sykes effectively abandoned his own appeal.

**(2)     Interlocutory Appeal**

Mr. Sykes next argues that his judgment under Clallam County Superior Cause No. 05-1-00489-3 is an interlocutory appeal and therefore, he could not file an appeal from the judgment. ECF No. 15, pp. 4-6. Mr. Sykes provides no legal authority, and this Court is not aware of any, to support this contention. He is not entitled to equitable tolling on this basis.

**(3)     Segregation**

Mr. Sykes also argues that he could not file an appropriate appellant's brief, and presumably a timely federal habeas petition, because he did not have access to an appropriate law library during the time he was housed in segregation at the Stafford Creek Corrections Center (SCC) and the Washington Corrections Center (WCC) from approximately March 21, 2007 and January 21, 2009. ECF No. 15, pp. 7-8.

REPORT AND RECOMMENDATION - 8

The Ninth Circuit has held that deficiencies in a prison's legal resources may amount to an extraordinary circumstance warranting equitable tolling, and has allowed for factual development with a sufficient showing. *See, e.g., Roy v. Lampert*, 465 F.3d 964, 970–75 (9th Cir. 2006)(evidence of extraordinary circumstances included absence of AEDPA material or knowledge of statute of limitations, and absence of relevant state law or "any meaningful federal material" in law library; evidence of diligence included complaints made regarding deficiencies in legal resources, a lawsuit challenging the sufficiency of the law library, and efforts made prior to transfer to facility with deficient law library); *Mendoza v. Carey*, 449 F.3d 1065, 1069–71 (9th Cir.2006) (absence of Spanish-language materials preventing knowledge of AEDPA deadline combined with a Spanish-speaking inmate's inability to find translation assistance until after deadline passed could constitute extraordinary circumstances); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147–48 (9th Cir. 2000) (absence of AEDPA material in law library until June 1998, in addition to the inmate's lack of independent knowledge of statute of limitations, could warrant equitable tolling). Here, however, Mr. Sykes does not make a sufficient showing warranting either further factual development or his entitlement to equitable tolling.

Mr. Sykes makes only the conclusory statement that his access to legal resources was limited during the time he was in segregation. It is not enough to say that the facilities where he was held lacked sufficient materials or that the procedure to request the materials was inadequate. He must provide specificity with regard to the alleged lack of access and the steps he took to diligently pursue his federal claims. Mr. Sykes fails to do so. Moreover, this obligation to act diligently does not pertain solely to the filing of the federal habeas petition, rather it extends to an obligation that exists during the period that Mr. Sykes should have been exhausting his state court remedies as well. Mr. Sykes provides no evidence of diligent efforts

REPORT AND RECOMMENDATION - 9

made by him to effect his appeal during the four years after the Washington Court of Appeals dismissed his claims as "abandoned."

Mr. Sykes argues here that his 2007 appeal was illegally abandoned by his court-appointed attorney and that his appeal was illegally dismissed by the judges of the Washington Court of Appeals. ECF No. 5 at 7, 12, 16, 27-28, and 31-33. *See also* Mr. Sykes' memorandum in support of his habeas petition, ECF No. 6, at 39-41. However, the record reflects that Mr. Sykes' refusals to accept correspondence from the Washington Court of Appeals and his failure to file required pleadings in that court resulted in the termination of his appeal. Mr. Sykes' appeal was dismissed by the Washington Court of Appeals on November 8, 2007. ECF No. 14, Exh. 12. Based on Washington Rule of Appellate Procedure (RAP) 13.4(a), he had 30 days to appeal that dismissal to the Washington Supreme Court. He did not do so. Therefore, his state court judgment became final for federal habeas purposes on December 9, 2007. The federal statute of limitations began running the next day, on December 10, 2007. Mr. Sykes did not file a state court personal restraint petition challenging his state court judgment and sentence nor did he file any other court action in state court as to that judgment. ECF No. 14, Exh. 14.

Mr. Sykes fails to show that an external circumstance was a "but-for" cause that prevented him from filing his federal habeas petition in a timely manner. *See Allen*, 255 F.3d at 800. No conduct by the Respondents or the State impeded Mr. Sykes' ability to prepare and file his federal habeas petition in a prompt fashion. No circumstances, such as a lack of clarity in the law or legal unavailability of his claims prevented him from filing his habeas petition in a prompt fashion. As noted by Respondent, Mr. Sykes' petition would still have been untimely filed even if, hypothetically, he was given the benefit of equitable tolling when he was in segregation between March 21, 2007 and January 29, 2009. *See* ECF No. 16, Exh. 1. He is not entitled to

REPORT AND RECOMMENDATION - 10

the application of equitable tolling.  Therefore, his habeas petition is barred by the one-year statute of limitations period based on 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel,* 120 S.Ct. 1595, 1604 (2000).

There is nothing in the record that would support a conclusion that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

**CONCLUSION**

Mr. Sykes's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final.  There are no extraordinary circumstances

REPORT AND RECOMMENDATION - 11

in his case that require the application of equitable tolling principles.  Therefore, Mr. Sykes's federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 19, 2012**, as noted in the caption.

**DATED** this  24th  day of September, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12